NO. 07-07-0423-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 23, 2007

_____


KOREE DAWN EDWARDS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,653-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Koree Dawn Edwards, filed a notice of appeal challenging her conviction and sentence. Sentence was imposed in open court on June 19, 2007, and a Motion for New Trial was filed on July 6, 2007. We dismiss for want of jurisdiction.

In a criminal case where a motion for new trial is filed, the notice of appeal must be filed within 90 days after the date sentence is imposed. Tex. R. App. P. 26.2(a)(2). The time within which to file the notice may be enlarged if, within 15 days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. Tex. R. App. P. 26.3.

Appellant's notice of appeal was due to be filed on September 19, 2007, but was not filed with the trial court clerk until October 12, 2007, well outside the fifteen-day extension period. Appellant's appointed counsel explained by letter that the untimely notice of appeal was due to his error. Attached to the letter is a copy of Appellant's Pauper's Oath on Appeal and Order Appointing Counsel signed by her on June 19, 2007. Counsel requests that the untimely notice "relate back" to that document as Appellant's declaration of intent to appeal.

A notice of appeal which complies with the Texas Rules of Appellate Procedure is essential to vest this Court with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 209-10 (Tex.Crim.App. 1998). If an appeal is not timely perfected, this Court does not obtain jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal. *Id.* at 210.

Rule 2 of the Texas Rules of Appellate Procedure provides that an appellate court may - to expedite a decision or for other good cause - suspend a rule's operation in a particular case and order a different procedure. However, this rule cannot be invoked to

create jurisdiction where none exists. *Olivo v. State*, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996)(noting that Rule 2(b)[current Rule 2] or Rule 83 [current rule 44.3] could not be invoked to create jurisdiction where none exists). This Court has no authority to accept a signed Pauper's Oath on Appeal in lieu of a timely notice of appeal. To do so would obviate Rule 25.2(b) which requires the timely filing of a "sufficient notice of appeal." *See also* Tex. R. App. P. 25.2(c) (form and sufficiency of notice).

We acknowledge that Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is also beyond the jurisdiction of this Court. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a) (Vernon 2005). *See also Ex parte Garcia*, 988 S.W.2d 240 (Tex.Crim.App. 1999).

Consequently, we dismiss this appeal for want of jurisdiction.


Patrick A. Pirtle
Justice


Do not publish.

3