NUMBER 13-07-602-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


___________________________________________________________ 
 

JERRY ALVAREZ, Appellant,


v.



THE STATE OF TEXAS, Appellee. 

____________________________________________________________ 


 On appeal from the 319th District Court 


of Nueces County, Texas.


___________________________________________________________ 


 MEMORANDUM OPINION


 

Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion Per Curiam


 Appellant, Jerry Alvarez, attempted to perfect an appeal from a conviction for
burglary of a habitation. We dismiss the appeal for want of jurisdiction.

 Sentence in this matter was imposed on March 12, 2007, counsel filed a motion for
new trial on April 12, 2007, and notice of appeal was filed on October 1, 2007. On October
4, 2007, the Clerk of this Court notified appellant that it appeared that the appeal was not
timely perfected. Appellant was advised that the appeal would be dismissed if the defect
was not corrected within ten days from the date of receipt of the Court's directive. By
response filed on October 31, 2007, counsel indicated that appellant had timely filed a pro
se motion for new trial on April 2, 2007. 

 Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when
notice of appeal is filed within thirty days after the day sentence is imposed or suspended
in open court unless a motion for new trial is timely filed. Tex. R. App. P. 26.2(a)(1). Where
a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days
after the sentence is imposed or suspended in open court. Tex. R. App. P. 26.2(a)(2). The
time within which to file the notice may be enlarged if, within fifteen days after the deadline
for filing the notice, the party files the notice of appeal and a motion complying with Rule
10.5(b) of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 26.3.

 Appellant timely filed a pro se motion for new trial. Therefore, his notice of appeal
was due to have been filed on or before June 11, 2007. See Tex. R. App. P. 26.2(a)(2). 
Appellant did not file a motion for extension of time to file his notice of appeal as permitted
by Texas Rule of Appellate Procedure 26.3 and did not file his notice of appeal until
October 1, 2007 .

 This Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a
timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the
merits of the appeal in a criminal case and can take no action other than to dismiss the
appeal for want of jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App.
1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ
of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the
availability of that remedy is beyond the jurisdiction of this Court. See Tex. Code Crim.
Proc. Ann. art. 11.07, § 3(a) (Vernon 2005); see also Ex parte Garcia, 988 S.W.2d 240
(Tex. Crim. App. 1999).

 The appeal is DISMISSED FOR WANT OF JURISDICTION. PER CURIAM

Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this the 8th day of November, 2007.