NUMBER 13-07-00683-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

ARLEN RAY TENBERG, APPELLANT,


v.



THE STATE OF TEXAS, APPELLEE. 

_____________________________________________________________


On Appeal from the 24th District Court 


of De Witt County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Justices Yañez, Rodriguez, and Vela


Memorandum Opinion Per Curiam


 Appellant, Arlen Ray Tenberg, attempted to perfect an appeal from a conviction for
intoxication assault. We dismiss the appeal for want of jurisdiction.

 This Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a
timely filed notice of appeal, a court of appeals does not have jurisdiction to address the
merits of the appeal and can take no action other than to dismiss the appeal for want of
jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 

 The trial court imposed sentence in this matter on April 20, 2006. Appellant filed his
notice of appeal on October 18, 2007. On November 2, 2007, the Clerk of this Court
notified appellant that it appeared that the appeal was not timely perfected and that the
appeal would be dismissed if the defect was not corrected within ten days from the date
of receipt of the Court's directive. Appellant has not filed a response to the Court's
directive. 

 Unless a motion for new trial has been timely filed, a notice of appeal must be filed
within thirty days after the day sentence is imposed or suspended in open court, or after
the day the trial court enters an appealable order. Tex. R. App. P. 26.2(a)(1). Where a
timely motion for new trial has been filed, the notice of appeal must be filed within ninety
days after the day sentence is imposed or suspended in open court. See id. 26.2(a)(2). 
The time within which to file the notice may be enlarged if, within fifteen days after the
deadline for filing the notice, the party files the notice of appeal and a motion complying
with Rule 10.5(b) of the Texas Rules of Appellate Procedure. See id. 26.3.

 Appellant's notice of appeal, filed more than seventeen months after sentence was
imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. See Slaton,
981 S.W.2d at 210. Appellant may be entitled to an out-of-time appeal by filing a
post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals;
however, the availability of that remedy is beyond the jurisdiction of this Court. See Tex.
Code Crim. Proc. Ann. art. 11.07, § 3(a) (Vernon 2005); see also Ex parte Garcia, 988
S.W.2d 240 (Tex. Crim. App. 1999).

 The appeal is DISMISSED FOR WANT OF JURISDICTION. 



 PER CURIAM

Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered 

and filed this the 20th day of March, 2008.