

**NUMBER 13-08-00297-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**RICHARD MARTINEZ, JR.,** **APPELLANT,**

**v.**

**THE STATE OF TEXAS,** **APPELLEE.**

---

**On Appeal from the 94th District Court
of Nueces County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion Per Curiam**

Appellant, Richard Martinez, Jr., attempted to perfect an appeal from a conviction for attempted sexual assault. We dismiss the appeal for want of jurisdiction.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a

timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant pled guilty on January 17, 2008, filed a motion for new trial on February 15, 2008, and filed his notice of appeal on April 25, 2008. On May 13, 2008, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant's counsel filed a response to the Court's directive, indicating that the notice of appeal was not timely filed.

Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3. Although the notice of appeal herein was filed within the 15-day time period for filing a motion for extension of time to file notice of appeal, no such motion for extension of time was filed. *See id.*

Appellant's notice of appeal was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this

Court.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

Additionally, the trial court has certified that this "is a plea-bargain case, and the defendant has NO right of appeal."  *See* TEX. R. APP. P. 25.2(a)(2).

On August 8, 2008, this Court notified appellant's counsel of the trial court's certification and ordered counsel to: (1) review the record; (2) determine whether appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal, or, alternatively, advise this Court as to the existence of any amended certification.

On September 10, 2008, counsel filed a letter brief with this Court.  Counsel's response does not establish that the certification currently on file with this Court is incorrect or that appellant otherwise has a right to appeal.  The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not show that the defendant has the right of appeal.  TEX. R. APP. P. 25.2(d); *see* TEX. R. APP. P. 37.1, 44.3, 44.4.

The appeal is DISMISSED FOR WANT OF JURISDICTION.


PER CURIAM


Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered
and filed this the 16th day of October, 2008.


3