NUMBER 13-09-00224-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

RAFAEL RAMIREZ, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee. 

_____________________________________________________________


On appeal from the 107th District Court 


of Cameron County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion Per Curiam


 Appellant, Rafael Ramirez, Jr., attempted to perfect an appeal from a conviction for
sexual assault. We dismiss the appeal for want of jurisdiction.

 This Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a
timely filed notice of appeal, a court of appeals does not have jurisdiction to address the
merits of the appeal and can take no action other than to dismiss the appeal for want of
jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 

 The trial court imposed sentence in this matter on May 22, 2008. Appellant filed a
pro se notice of appeal on April 8, 2009. On April 21, 2009, the Clerk of this Court notified
appellant that it appeared that the appeal was not timely perfected and that the appeal
would be dismissed if the defect was not corrected within ten days from the date of receipt
of the Court's directive. (1)

 On May 6, 2009, appellant's counsel advised the Court that he was not appointed
to represent appellant on appeal. Additionally, appellant filed a motion for appointment of
counsel. On May 12, 2009, the trial court granted appellant's counsel's motion to withdraw
as counsel. This Court abated the case on May 20, 2009 and remanded it to the trial court
to determine whether appellant desires to prosecute the appeal, and whether appellant is
indigent and entitled to court-appointed counsel. On June 3, 2009, this Court received
notice from the trial court that on September 29, 2008, the trial court had appointed the
Honorable Arnoldo R. Pena to represent appellant.

 On June 3, 2009, the Clerk of this Court notified appellant that it appeared that the
appeal was not timely perfected and that the appeal would be dismissed if the defect was
not corrected within ten days from the date of receipt of the Court's directive. On June 12,
2009, appellant filed a motion for leave to late file notice of appeal. Appellant's motion
states that counsel received notice that he was appointed as counsel for appellant on or
about October 4, 2008, and filed a notice of appeal on June 9, 2009. Appellant requests
that the Court accept his notice of appeal as being timely filed. 

 Unless a motion for new trial has been timely filed, a notice of appeal must be filed
within thirty days after the day sentence is imposed or suspended in open court, or after
the day the trial court enters an appealable order. Tex. R. App. P. 26.2(a)(1). Where a
timely motion for new trial has been filed, the notice of appeal must be filed within ninety
days after the day sentence is imposed or suspended in open court. See id. 26.2(a)(2). 
The time within which to file the notice may be enlarged if, within fifteen days after the
deadline for filing the notice, the party files the notice of appeal and a motion complying
with Rule 10.5(b) of the Texas Rules of Appellate Procedure. See id. 26.3.

 Appellant's notice of appeal, filed more than ten months after sentence was
imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. See Slaton,
981 S.W.2d at 210. Accordingly, appellant's motion for leave to late file notice of appeal
is DENIED. Appellant may be entitled to an out-of-time appeal by filing a post-conviction
writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the
availability of that remedy is beyond the jurisdiction of this Court. See Tex. Code Crim.
Proc. Ann. art. 11.07, § 3(a) (Vernon 2005); see also Ex parte Garcia, 988 S.W.2d 240
(Tex. Crim. App. 1999). 

 The appeal is DISMISSED FOR WANT OF JURISDICTION. PER CURIAM


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this the 13th day of August, 2009. 
1. 1 The trial court's certification of the defendant's right to appeal shows that this is a plea bargain case
and the defendant has no right to appeal. See Tex. R. App. P. 25.2(a)(2). On May 5, 2009, this Court notified
appellant's counsel of the trial court's certification and ordered counsel to: (1) review the record; (2) determine
whether appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to
whether appellant has a right to appeal, or, alternatively, advise this Court as to the existence of any amended
certification.