NUMBER 13-09-00615-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

JAMES OWEN SCHULTZ, Appellant,


v.



THE STATE OF TEXAS, Appellee. 

_____________________________________________________________


On Appeal from the County Court at Law No. 1


of Cameron County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion Per Curiam


 Appellant, James Owen Schultz, attempted to perfect an appeal from a conviction
for assault. We dismiss the appeal for want of jurisdiction.

 This Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a
timely filed notice of appeal, a court of appeals does not have jurisdiction to address the
merits of the appeal and can take no action other than to dismiss the appeal for want of
jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 

 The trial court imposed sentence in this matter on July 8, 2009. No motion for new
trial was filed. Appellant filed his notice of appeal on October 8, 2009. On November 6,
2009, the Clerk of this Court notified appellant that it appeared that the appeal was not
timely perfected and that the appeal would be dismissed if the defect was not corrected
within ten days from the date of receipt of the Court's directive. Appellant has not filed a
response to the Court's directive. 

 Unless a motion for new trial has been timely filed, a notice of appeal must be filed
within thirty days after the day sentence is imposed or suspended in open court, or after
the day the trial court enters an appealable order. Tex. R. App. P. 26.2(a)(1). Where a
timely motion for new trial has been filed, the notice of appeal must be filed within ninety
days after the day sentence is imposed or suspended in open court. See id. 26.2(a)(2). 
The time within which to file the notice may be enlarged if, within fifteen days after the
deadline for filing the notice, the party files the notice of appeal and a motion complying
with Rule 10.5(b) of the Texas Rules of Appellate Procedure. See id. 26.3.

 Appellant's notice of appeal, filed more than ninety days after sentence was
imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. See Slaton,
981 S.W.2d at 210. Appellant may be entitled to an out-of-time appeal by filing a
post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals;
however, the availability of that remedy is beyond the jurisdiction of this Court. See Tex.
Code Crim. Proc. Ann. art. 11.07, § 3(a) (Vernon 2005); see also Ex parte Garcia, 988
S.W.2d 240 (Tex. Crim. App. 1999).

 The appeal is DISMISSED FOR WANT OF JURISDICTION. 


 PER CURIAM

Do not publish. See Tex. R. App. P. 47.2(b).


Delivered and filed the 25th

day of February, 2010.