NUMBER
13-10-00298-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

ELROY GRIFFIN,                                                                           Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                 Appellee.

____________________________________________________________

 

                            On
appeal from the 94th District Court 

of Nueces County, Texas.

____________________________________________________________

 

                           MEMORANDUM OPINION

 

Before
Chief Justice Valdez and Justices Yañez and Garza

Memorandum Opinion Per Curiam

 

Appellant, Elroy
Griffin, attempted to perfect an appeal from a conviction for aggravated
robbery.  We dismiss the appeal for want of jurisdiction.








Sentence in
this matter was imposed on April 1, 2010.  No motion for new trial was filed. 
Notice of appeal was filed on May 19, 2010.  On May 27, 2010, the Clerk of this
Court notified appellant that it appeared that the appeal was not timely
perfected.  Appellant was advised that the appeal would be dismissed if the
defect was not corrected within ten days from the date of receipt of the Court=s directive.  Appellant has responded to this notice by filing a motion
for extension of time to file notice of appeal.   

Texas Rule
of Appellate Procedure 26.2 provides that an appeal is perfected when notice of
appeal is filed within thirty days after the day sentence is imposed or
suspended in open court unless a motion for new trial is timely filed.  Tex. R. App. P. 26.2(a)(1).  The
time within which to file the notice may be enlarged if, within fifteen days
after the deadline for filing the notice, the party files the notice of appeal
and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. 
See id. 26.3.  

This
Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal.  Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996).  AWhen a notice of appeal is filed within the fifteen‑day
period but no timely motion for extension of time is filed, the appellate court
lacks jurisdiction.@  Olivo, 918 S.W.2d at 522.  Absent a timely
filed notice of appeal, a court of appeals does not obtain jurisdiction to
address the merits of the appeal in a criminal case and can take no action
other than to dismiss the appeal for want of jurisdiction.  Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  

Although
the notice of appeal herein was filed within the fifteen-day time period, the
motion for extension of time was not filed within the fifteen-day time period. 
Accordingly, appellant’s motion for extension of time to file notice of appeal
is hereby DENIED.  








Appellant
may be entitled to an out‑of‑time appeal by filing a post‑conviction
writ of habeas corpus returnable to the Texas Court of Criminal Appeals;
however, the availability of that remedy is beyond the jurisdiction of this
Court.  See Tex. Code Crim. Proc.
Ann. art. 11.07, ' 3(a) (Vernon 2005); see also Ex parte Garcia,
988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal
is DISMISSED FOR WANT OF JURISDICTION.                                                                                                                                     PER
CURIAM

 

Do not publish.  

Tex. R. App. P. 47.2(b).

 

Delivered and filed the 

24th day of June, 2010.