**Ex parte Ovidio GARCIA, Jr., Applicant.**

**No. 73329.**

Court of Criminal Appeals of Texas, En Banc.

April 7, 1999.

Joseph A. Connors, III, McAllen, for appellant.

Ovidio Garcia, Jr., Midway, pro se.

Heriberto Silva, Dist. Atty., Rio Grande City, Matthew Paul, State's Atty., Austin, for State.

***OPINION***

The opinion of the Court was delivered PER CURIAM.

This is an application for a writ of habeas corpus transmitted to this Court pursuant to TEX.CODE CRIM. PROC. art. 11.07, § 3. Applicant was convicted of capital murder in Hidalgo County after a change of venue from Starr County. His punishment was assessed at life. Applicant's appeal was dismissed because his notice of appeal was untimely. *Garcia v. State*, No. 13–92–00364–CR (Tex. App.—Corpus Christi June 30, 1992, no pet.)

(not designated for publication). Applicant filed an application for a writ of habeas corpus seeking an out-of-time appeal, which this Court granted. *Ex parte Garcia,* No. 72,333 (Tex.Crim.App. April 24, 1996) (not designated for publication). The mandate on that opinion issued on May 10, 1996. On May 28, 1996, Applicant timely filed his notice of appeal with the district clerk of Hidalgo County, but the only action taken was to appoint counsel after venue was returned to Starr County. The notice of appeal is on file in the Starr County District Clerk's Office. Applicant seeks another out-of-time appeal.

 Article 11.07 only applies to *final* felony convictions. TEX.CODE CRIM. PROC. art. 11.07, § 3(a). A case which is on appeal is not final for purposes of Art. 11.07. *Ex parte Brown,* 662 S.W.2d 3 (Tex.Crim.App. 1983); *Ex parte Mayes,* 538 S.W.2d 637, 638 (Tex.Crim.App.1976). An appeal is perfected after timely notice of appeal is given in an appropriate manner. In this case Applicant was granted an out-of-time appeal from this Court pursuant to an application for habeas corpus relief. The grant of habeas corpus relief set out a timetable for the notice of appeal, requiring that it be filed within thirty days following the issuance of the mandate for the case in which habeas corpus relief was granted. Applicant gave timely notice of appeal on May 28, 1996. The clerk of the trial court then had the duty to send a copy of the notice of appeal to the appropriate court of appeals. TEX.R.APP. P. 40(b)(1) [repealed]; *Whitsitt v. Ramsay,* 719 S.W.2d 333, 335 (Tex.Crim.App.1986). The clerk did not send the required copy.

 However, the clerk's failure to transmit the notice of appeal as required does not affect the fact that the appeal was perfected. *Id.* at 335. Since the appeal has not been decided, it is still pending, and, as such, is not final. *Ex parte Brown,* 662 S.W.2d at 3; *Ex parte Mayes,* 538 S.W.2d at 638. This Court does not have jurisdiction under Art. 11.07, § 3, to consider the allegations. We note, however, that this does not mean that Applicant is without a remedy to ensure that his appellate options are protected. *See, e.g., Whitsitt v. Ramsay,* 719 S.W.2d at 335 (in order for a writ of manda-

mus to issue, the party seeking the writ must show that there is no other adequate remedy available and that the act sought to be mandated is ministerial); *State ex rel. Holmes v. Kolenda,* 756 S.W.2d 39, 40 (Tex.App.—Houston [1 st Dist.] 1988) (a party may obtain a writ of mandamus if it is established that the act sought to be compelled is ministerial, and that there is no other adequate remedy at law available).

Accordingly, the application for a writ of habeas corpus is dismissed.