NO. 07-00-0463-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 30, 2000

______________________________

ERIC MCDUFFIE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 137
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-432497; HONORABLE CECIL G. PURYEAR, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Upon his plea of not guilty, appellant Eric McDuffie was convicted of the offense of murder.  The jury assessed punishment at confinement for life.  For the reasons described below, we dismiss the appeal for want of jurisdiction.

A notice of appeal must be filed within 30 days after the sentence is imposed or suspended in open court, or within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.  Tex. R. App. P. 26.2(a).   A motion for new trial is timely if filed no later than 30 days after the date when the trial court imposes or suspends sentence in open court.  Tex. R. App. P.  21.4.

Although a written judgment was not signed until July 19, 2000, sentence was imposed on June 28, 2000.  Pursuant to Rule 21.4, any motion for new trial was due no later than July 28, 2000.  Appellant filed a motion for new trial on August 15, 2000.  Accordingly, appellant’s motion was untimely, and did not extend the appellate timetable for filing a notice of appeal.  Under Rule 26.2(a), appellant’s notice of appeal was therefore due by July 28, 2000, 30 days after the day sentence was imposed.  The notice of appeal was filed on September 2, 2000.  The notice of appeal is outside the time for any extension of time.

A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction.  If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal.  
Slaton v. State
, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).  Accordingly, the appeal is dismissed for want of jurisdiction.  We are aware of those documents in the record showing appellant requested the appointment of appellate counsel in a letter dated July 3, 2000, no appointment was made until August 11, 2000, after the date notice of appeal or motion for new trial was due.  Our dismissal of this appeal does not deny appellant any avenue for relief.  He may still seek permission to file an out of time appeal by habeas corpus proceeding in the Court of Criminal Appeals.  
See Ex parte Garcia
, 988 S.W.2d 240, 241 (Tex.Crim.App. 1999).

Per Curiam

Do not publish.