NO. 07-02-0300-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 28, 2003



______________________________




HUGO PIMIENTA, APPELLANT



V.



WOODFOREST NATIONAL BANK, APPELLEE




_________________________________



FROM THE 359TH DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 01-09-06078-CV; HONORABLE CHARLES HEARN, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


 On October 23, 2003, appellant Hugo Pimienta filed a Suggestion of Bankruptcy in
this appeal. A copy of his Notice of Bankruptcy Case Filing in the United States
Bankruptcy Court for the Central District of California was attached to the notice, indicating
that the bankruptcy case was filed with the bankruptcy court on August 5, 2003. 

 Pursuant to Tex. R. App. P. 8, this appeal is abated until further order of this court. 
The parties are directed to take such action as is appropriate to advise the clerk of this
court of any change in the status of appellant Hugo Pimienta's bankruptcy proceeding
which would affect the status of this appeal, including but not limited to the filing of a
Motion to Reinstate pursuant to Tex. R. App. P. 8.3.


 Per Curiam





body
{
 font-family: "Arial", sans-serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal
}





NO. 07-08-0168-CR
NO. 07-08-0169-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 19, 2008

______________________________


CHARA DEAN MOORE A/K/A CHARA DEAN CARTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,754-D & 55,655-D; HONORABLE DON EMERSON, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Following pleas of guilty, Appellant, Chara Dean Moore a/k/a Chara Dean Carter,
was convicted of delivery of a controlled substance in each cause and sentenced to
seventeen years confinement and a $1000 fine. Sentence was imposed on September
27, 2007, and Appellant filed a pro se notice of appeal in this Court on April 11, 2008. 
After a copy of the notice was sent to the trial court clerk, it was file stamped April 18,
2008.


 Neither a Trial Court’s Certification of Defendant’s Right of Appeal nor a clerk’s
record has been filed. We dismiss these purported appeals for want of jurisdiction.
          In a criminal case, a defendant must file a written notice of appeal with the trial court
clerk. Tex. R. App. P. 25.2(c). The notice is due within thirty days, or ninety days if a
motion for new trial is filed, after the day sentence is imposed in open court. Tex. R. App.
P. 26.2(a). The time within which to file the notice may be enlarged if, within fifteen days
after the deadline for doing so, the party files the notice of appeal in the trial court and a
motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure in this
Court. Tex. R. App. P. 26.3.
          Assuming that a motion for new trial was filed, Appellant’s notice of appeal was due
on or before December 26, 2007.


 Applying the fifteen day extension, the latest day to file
the notice of appeal was January 10, 2008.
          By letter dated April 23, 2008, this Court notified Appellant that her notice of appeal
filed with the trial court clerk on April 18, 2008, appeared untimely and requested an
explanation no later than May 19, 2008, why these appeals should not be dismissed for
want of jurisdiction. Appellant timely responded that she filed a notice of appeal with the
trial court on or about November 19, 2007, and that the trial court took no action and failed
to forward the notice to this Court. An inquiry from the Clerk of this Court to the District
Clerk demonstrated that no notice of appeal from Appellant had ever been filed with the
trial court clerk until this Court forwarded a copy of the notice mistakenly filed here on April
11, 2008. Consequently, Appellant’s notice of appeal is untimely.
          Additionally, Rule 2 of the Texas Rules of Appellate Procedure provides that an
appellate court may–to expedite a decision or for other good cause–suspend a rule’s
operation in a particular case and order a different procedure. However, this rule cannot
be invoked to create jurisdiction where none exists. Olivo v. State, 918 S.W.2d 519, 523
(Tex.Crim.App. 1996) (noting that Rule 2(b)[current Rule 2] or Rule 83 [current rule 44.3]
could not be invoked to create jurisdiction where none exists). 
          We acknowledge that Appellant may be entitled to an out-of-time appeal by filing
a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals;
however, the availability of that remedy is also beyond the jurisdiction of this Court. See
Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a) (Vernon 2005). See also Ex parte Garcia,
988 S.W.2d 240 (Tex.Crim.App. 1999). 
          Consequently, we dismiss these appeals for want of jurisdiction. 



                                                                Patrick A. Pirtle

                                                                        Justice

 



Do not publish.