BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-06-0407-CR


NO. 07-06-0408-CR


NO. 07-06-0409-CR


NO. 07-06-0410-CR


NO. 07-06-0411-CR


NO. 07-06-0412-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



FEBRUARY 14, 2007


______________________________



ELI EDWARDS,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 31st DISTRICT COURT OF WHEELER COUNTY;



NOS. 4294, 4295, 4296, 4297, 4298, 4299; HON. STEVEN R. EMMERT, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 Eli Edwards (appellant) appeals his criminal convictions. Per two extensions of the
deadline previously granted him, his appellate briefs were due by February 8, 2007, with
the admonition that no further extensions would be granted. Yet, instead of filing the
appellate brief in each cause, counsel has again filed another motion for extension of time. 
This court informed appellant that failure to comply with the February 8th deadline would
result in the appeals being abated and remanded to the trial court. 

 Consequently, we abate the appeals and remand the causes to the 31st District
Court of Wheeler County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant is indigent; 


 2. whether appellant desires to prosecute the appeals; and


 3. whether appellant has been denied the effective assistance of
counsel due to appellate counsel's failure to timely file an appellate
brief in each cause. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S.
Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent
defendant is entitled to the effective assistance of counsel on the first
appeal as of right and that counsel must be available to assist in
preparing and submitting an appellate brief).


 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeals, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeals. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the court's findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before March 16, 2007. Should
additional time be needed to perform these tasks, the trial court may request same on or
before March 16, 2007.

 It is so ordered.

 Per Curiam

Do not publish.



10" SemiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="Title"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00241-CR; 07-11-00242-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



JULY
15, 2011

 



 

DEARL RAY STRICKLAND, APELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

 

NO. 58,674-D, 58,675-D; HONORABLE DON R. EMERSON, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant,
Dearl Ray Strickland, filed a notice of appeal on
June 21, 2011, challenging his conviction and sentence in trial court cause
numbers 58,674-D and 58,675-D.  Pursuant
to a plea bargain agreement, the offense alleged in cause number 58,675-D,
indecency with a child by sexual contact, was dismissed, and appellant was
sentenced in open court on March 2, 2009, to incarceration for a period of 25
years in cause number 58,674-D for the offense of aggravated sexual assault of
a child.  We dismiss the appeals for want
of jurisdiction.

In a criminal case in which no motion
for new trial is filed, the notice of appeal must be filed within 30 days after
the date sentence is imposed in open court. 
Tex. R. App. P. 26.2(a).  The time within which to file the notice may
be enlarged if, within 15 days after the deadline for filing the notice, the
party files the notice of appeal and a motion complying with Rule 10.5(b) of
the Texas Rules of Appellate Procedure.  Tex. R. App. P. 26.3.  Under these rules, appellant's notice of appeal
was due to be filed on April 1, 2009, but was not filed with the trial court
clerk until June 21, 2011, more than two years outside the fifteen-day
extension period.  

A notice of appeal which complies
with the Texas Rules of Appellate Procedure is essential to vest this Court
with jurisdiction.  See Slaton
v. State, 981 S.W.2d 208, 209-10 (Tex.Crim.App. 1998). 
If an appeal is not timely perfected, this Court does not obtain
jurisdiction to address the merits of the appeal, and can take no action other
than to dismiss the appeal.  Id. at 210.  

We acknowledge that appellant may be
entitled to an out-of-time appeal by filing a post-conviction writ of habeas
corpus returnable to the Texas Court of Criminal Appeals; however, the
availability of that remedy is also beyond the jurisdiction of this Court.[1]  See Tex.
Code Crim. Proc. Ann. art.
11.07, § 3 (West Supp. 2010); Ex parte Garcia, 988
S.W.2d 240, 241 (Tex.Crim.App. 1999).  

Consequently, we dismiss this appeal
for want of jurisdiction.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 

Do
not publish.  

 











[1] We note, however,
that the certification of defendants right of appeal filed in trial court
cause number 58,674-D indicates that it is a plea-bargain case, and the
defendant has NO right of appeal and the defendant has waived the right of
appeal.  Thus, even if appellant is
granted an out-of-time appeal in this case, the case will be subject to
dismissal if a certification that shows that appellant has the right of appeal
is not made part of the record.  See
Tex. R. App. P. 25.2(d).