NO. 07-08-0168-CR
NO. 07-08-0169-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 19, 2008

_____

CHARA DEAN MOORE A/K/A CHARA DEAN CARTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,754-D & 55,655-D; HONORABLE DON EMERSON, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following pleas of guilty, Appellant, Chara Dean Moore a/k/a Chara Dean Carter, was convicted of delivery of a controlled substance in each cause and sentenced to seventeen years confinement and a $1000 fine. Sentence was imposed on September 27, 2007, and Appellant filed a pro se notice of appeal in this Court on April 11, 2008.

After a copy of the notice was sent to the trial court clerk, it was file stamped April 18, 2008.[1]  Neither a *Trial Court's Certification of Defendant's Right of Appeal* nor a clerk's record has been filed.  We dismiss these purported appeals for want of jurisdiction.

In a criminal case, a defendant must file a written notice of appeal with the trial court clerk.  Tex. R. App. P. 25.2(c).  The notice is due within thirty days, or ninety days if a motion for new trial is filed, after the day sentence is imposed in open court.  Tex. R. App. P. 26.2(a).  The time within which to file the notice may be enlarged if, within fifteen days after the deadline for doing so, the party files the notice of appeal in the trial court and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure in this Court.  Tex. R. App. P. 26.3.

Assuming that a motion for new trial was filed, Appellant's notice of appeal was due on or before December 26, 2007.[2]  Applying the fifteen day extension, the latest day to file the notice of appeal was January 10, 2008.

By letter dated April 23, 2008, this Court notified Appellant that her notice of appeal filed with the trial court clerk on April 18, 2008, appeared untimely and requested an explanation no later than May 19, 2008, why these appeals should not be dismissed for want of jurisdiction.  Appellant timely responded that she filed a notice of appeal with the

---

[1]Although not required by the Texas Rules of Appellate Procedure to send a copy of a notice of appeal in a criminal case mistakenly filed in this Court to the trial court clerk, a copy was forwarded as a courtesy.  *Cf.* Tex. R. App. P. 25.1(a).

[2]Tex. R. App. P. 4.1 extended the time in which to file the notice to December 27, 2007.

trial court on or about November 19, 2007, and that the trial court took no action and failed to forward the notice to this Court. An inquiry from the Clerk of this Court to the District Clerk demonstrated that no notice of appeal from Appellant had ever been filed with the trial court clerk until this Court forwarded a copy of the notice mistakenly filed here on April 11, 2008. Consequently, Appellant's notice of appeal is untimely.

Additionally, Rule 2 of the Texas Rules of Appellate Procedure provides that an appellate court may–to expedite a decision or for other good cause–suspend a rule's operation in a particular case and order a different procedure. However, this rule cannot be invoked to create jurisdiction where none exists. *Olivo v. State*, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996) (noting that Rule 2(b)[current Rule 2] or Rule 83 [current rule 44.3] could not be invoked to create jurisdiction where none exists).

We acknowledge that Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is also beyond the jurisdiction of this Court. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a) (Vernon 2005). *See also Ex parte Garcia*, 988 S.W.2d 240 (Tex.Crim.App. 1999).

Consequently, we dismiss these appeals for want of jurisdiction.

Patrick A. Pirtle<br>
Justice

Do not publish.