NUMBER 13-08-00672-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

DANIEL RUIZ GARCIA, Appellant,


v.



THE STATE OF TEXAS, Appellee. 

_____________________________________________________________


On Appeal from the 206th District Court 


of Hidalgo County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Chief Justice Valdez and Justices Garza and Vela


Memorandum Opinion Per Curiam


 Appellant, Daniel Ruiz Garcia, attempted to perfect an appeal from a conviction for
murder. We dismiss the appeal for want of jurisdiction.

 Sentence in this matter was imposed on August 6, 2008. No motion for new trial
was filed. Appellant filed a pro se notice of appeal on November 20, 2008, stating that the
notice of appeal was being filed beyond the thirty day period due to counsel's failure to file
a notice of appeal. On March 6, 2009, the Clerk of this Court notified appellant that it
appeared that the appeal was not timely perfected. Appellant was advised that the appeal
would be dismissed if the defect was not corrected within ten days from the date of receipt
of the Court's directive. Appellant has not responded to this notice. 

 Unless a motion for new trial has been timely filed, a notice of appeal must be filed
within thirty days after the day sentence is imposed or suspended in open court, or after
the day the trial court enters an appealable order. Tex. R. App. P. 26.2(a)(1). Where a
timely motion for new trial has been filed, the notice of appeal must be filed within ninety
days after the day sentence is imposed or suspended in open court. See id. 26.2(a)(2). 
The time within which to file the notice may be enlarged if, within fifteen days after the
deadline for filing the notice, the party files the notice of appeal and a motion complying
with Rule 10.5(b) of the Texas Rules of Appellate Procedure. See id. 26.3.

 Appellant's notice of appeal, filed more than three months after sentence was
imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. See Slaton,
981 S.W.2d at 210. Appellant may be entitled to an out-of-time appeal by filing a
post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals;
however, the availability of that remedy is beyond the jurisdiction of this Court. See Tex.
Code Crim. Proc. Ann. art. 11.07, § 3(a) (Vernon 2005); see also Ex parte Garcia, 988
S.W.2d 240 (Tex. Crim. App. 1999).

 The appeal is DISMISSED FOR WANT OF JURISDICTION. PER CURIAM

Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered 

and filed this the 21st day of May, 2009.