NUMBER
13-10-00240-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

HARVEY JOE STOKES,                                                              Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                 Appellee.

____________________________________________________________

 

                           On
appeal from the 329th District Court 

of Wharton County, Texas.

____________________________________________________________

 

                            MEMORANDUM OPINION

 

                  Before Justices Rodriguez,
Benavides, and Vela

Memorandum Opinion Per Curiam

 

Appellant, Harvey
Joe Stokes, attempted to perfect an appeal from a conviction for evading arrest. 
We dismiss the appeal for want of jurisdiction.








Sentence in
this matter was imposed on February 23, 2010.  Notice of appeal was filed on April
23, 2010.  On April 23, 2010 the Clerk of this Court notified appellant that it
appeared that the appeal was not timely perfected.  Appellant was advised that
the appeal would be dismissed if the defect was not corrected within ten days
from the date of receipt of the Court=s directive.  By
response filed, counsel indicated that appellant had timely filed a motion for
new trial and provided documentation that a copy of a “Motion for New Trial and
Motion in Arrest of Judgment” was received by the Wharton County District
Attorney’s Office on March 19, 2010.  The
clerk’s record does not contain a motion for new trial and the District Clerk
advises that a motion for new trial has not been filed.

Unless
a motion for new trial has been timely filed, a notice of appeal must be filed
within thirty days after the day sentence is imposed or suspended in open
court, or after the day the trial court enters an appealable order.  Tex. R. App. P. 26.2(a)(1).  Where a
timely motion for new trial has been filed, the notice of appeal must be filed
within ninety days after the day sentence is imposed or suspended in open
court.  See id. 26.2(a)(2).  The time within which to file the notice
may be enlarged if, within fifteen days after the deadline for filing the
notice, the party files the notice of appeal and a motion complying with Rule
10.5(b) of the Texas Rules of Appellate Procedure.  See id. 26.3.

Since
appellant did not timely file a motion for new trial, appellant’s notice of
appeal was due on March 25, 2010.  Appellant=s
notice of appeal, filed more than 50 days after sentence was imposed, was
untimely, and accordingly, we lack jurisdiction over the appeal.  See Slaton,
981 S.W.2d at 210.  Appellant may be entitled to an out‑of‑time
appeal by filing a post‑conviction writ of habeas corpus returnable to
the Texas Court of Criminal Appeals; however, the availability of that remedy
is beyond the jurisdiction of this Court.  See Tex. Code Crim. Proc. Ann. art. 11.07, ' 3(a) (Vernon 2005); see also Ex parte Garcia, 988
S.W.2d 240 (Tex. Crim. App. 1999).

                                                                                                PER
CURIAM

 

Do not publish.  

Tex. R. App. P. 47.2(b).

Delivered and filed the

5th day of August, 2010.