

NUMBER 13-10-00240-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

_____

**HARVEY JOE STOKES,**                                                       **Appellant,**

v.

**THE STATE OF TEXAS,**
**Appellee.**

_____

### On appeal from the 329th District Court
### of Wharton County, Texas.

_____

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Vela
### Memorandum Opinion Per Curiam

Appellant, Harvey Joe Stokes, attempted to perfect an appeal from a conviction

for evading arrest. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on February 23, 2010. Notice of appeal was filed on April 23, 2010. On April 23, 2010 the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. By response filed, counsel indicated that appellant had timely filed a motion for new trial and provided documentation that a copy of a "Motion for New Trial and Motion in Arrest of Judgment" was received by the Wharton County District Attorney's Office on March 19, 2010. The clerk's record does not contain a motion for new trial and the District Clerk advises that a motion for new trial has not been filed.

Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

Since appellant did not timely file a motion for new trial, appellant's notice of appeal was due on March 25, 2010. Appellant's notice of appeal, filed more than 50 days after sentence was imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
5th day of August, 2010.