

**NUMBER 13-10-00636-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JACOB VELASQUEZ,                                               **Appellant,**

**v.**

THE STATE OF TEXAS,                                            **Appellee.**

**On appeal from the 347th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion Per Curiam**

Appellant, Jacob Velasquez, attempted to perfect an appeal from a conviction for possession of cocaine. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on September 9, 2010. No motion for new trial was filed. Notice of appeal was filed on November 16, 2010. On December 6, 2010, the Clerk of this Court notified appellant that it appeared that the appeal was not

timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. In response, appellant's counsel has indicated that appellant filed a pro se notice of appeal after the thirty day period and that counsel was appointed after the thirty day period, so the defect cannot be remedied.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

Appellant's notice of appeal was due to have been filed on or before October 11, 2010. *See* TEX. R. APP. P. 26.2(a)(2). Appellant did not file a motion for extension of time to file his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3 and did not file his notice of appeal until November 16, 2010.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction." *Olivo*, 918 S.W.2d at 522. Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 13th
day of January, 2011.