NO. 07-11-00241-CR; 07-11-00242-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 15, 2011

DEARL RAY STRICKLAND, APELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 58,674-D, 58,675-D; HONORABLE DON R. EMERSON, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Dearl Ray Strickland, filed a notice of appeal on June 21, 2011, challenging his conviction and sentence in trial court cause numbers 58,674-D and 58,675-D. Pursuant to a plea bargain agreement, the offense alleged in cause number 58,675-D, indecency with a child by sexual contact, was dismissed, and appellant was sentenced in open court on March 2, 2009, to incarceration for a period of 25 years in cause number 58,674-D for the offense of aggravated sexual assault of a child. We dismiss the appeals for want of jurisdiction.

In a criminal case in which no motion for new trial is filed, the notice of appeal must be filed within 30 days after the date sentence is imposed in open court. TEX. R. APP. P. 26.2(a). The time within which to file the notice may be enlarged if, within 15 days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 26.3. Under these rules, appellant's notice of appeal was due to be filed on April 1, 2009, but was not filed with the trial court clerk until June 21, 2011, more than two years outside the fifteen-day extension period.

A notice of appeal which complies with the Texas Rules of Appellate Procedure is essential to vest this Court with jurisdiction. See Slaton v. State, 981 S.W.2d 208, 209-10 (Tex.Crim.App. 1998). If an appeal is not timely perfected, this Court does not obtain jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal. Id. at 210.

We acknowledge that appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is also beyond the jurisdiction of this Court.[1] See TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3 (West Supp. 2010); Ex parte Garcia, 988 S.W.2d 240, 241 (Tex.Crim.App. 1999).

---

[1] We note, however, that the certification of defendant's right of appeal filed in trial court cause number 58,674-D indicates that it "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." Thus, even if appellant is granted an out-of-time appeal in this case, the case will be subject to dismissal if a certification that shows that appellant has the right of appeal is not made part of the record. See TEX. R. APP. P. 25.2(d).

Consequently, we dismiss this appeal for want of jurisdiction.


                                            Mackey K. Hancock
                                                  Justice



Do not publish.