NO. 07-11-00241-CR; 07-11-00242-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



JULY
15, 2011

 



 

DEARL RAY STRICKLAND, APELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

 

NO. 58,674-D, 58,675-D; HONORABLE DON R. EMERSON, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant,
Dearl Ray Strickland, filed a notice of appeal on
June 21, 2011, challenging his conviction and sentence in trial court cause
numbers 58,674-D and 58,675-D.  Pursuant
to a plea bargain agreement, the offense alleged in cause number 58,675-D,
indecency with a child by sexual contact, was dismissed, and appellant was
sentenced in open court on March 2, 2009, to incarceration for a period of 25
years in cause number 58,674-D for the offense of aggravated sexual assault of
a child.  We dismiss the appeals for want
of jurisdiction.

In a criminal case in which no motion
for new trial is filed, the notice of appeal must be filed within 30 days after
the date sentence is imposed in open court. 
Tex. R. App. P. 26.2(a).  The time within which to file the notice may
be enlarged if, within 15 days after the deadline for filing the notice, the
party files the notice of appeal and a motion complying with Rule 10.5(b) of
the Texas Rules of Appellate Procedure.  Tex. R. App. P. 26.3.  Under these rules, appellant's notice of appeal
was due to be filed on April 1, 2009, but was not filed with the trial court
clerk until June 21, 2011, more than two years outside the fifteen-day
extension period.  

A notice of appeal which complies
with the Texas Rules of Appellate Procedure is essential to vest this Court
with jurisdiction.  See Slaton
v. State, 981 S.W.2d 208, 209-10 (Tex.Crim.App. 1998). 
If an appeal is not timely perfected, this Court does not obtain
jurisdiction to address the merits of the appeal, and can take no action other
than to dismiss the appeal.  Id. at 210.  

We acknowledge that appellant may be
entitled to an out-of-time appeal by filing a post-conviction writ of habeas
corpus returnable to the Texas Court of Criminal Appeals; however, the
availability of that remedy is also beyond the jurisdiction of this Court.[1]  See Tex.
Code Crim. Proc. Ann. art.
11.07, § 3 (West Supp. 2010); Ex parte Garcia, 988
S.W.2d 240, 241 (Tex.Crim.App. 1999).  

Consequently, we dismiss this appeal
for want of jurisdiction.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 

Do
not publish.  

 











[1] We note, however,
that the certification of defendant’s right of appeal filed in trial court
cause number 58,674-D indicates that it “is a plea-bargain case, and the
defendant has NO right of appeal” and “the defendant has waived the right of
appeal.”  Thus, even if appellant is
granted an out-of-time appeal in this case, the case will be subject to
dismissal if a certification that shows that appellant has the right of appeal
is not made part of the record.  See
Tex. R. App. P. 25.2(d).