NO. 07-11-00412-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 26, 2011

WILLIE EARL JOHNSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 278TH DISTRICT COURT OF MADISON COUNTY;

NO. 11-11499-278-8; HONORABLE VANN CULP, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Willie Earl Johnson, filed a notice of appeal on September 8, 2011, challenging his conviction and sentence in trial court cause number 11-11499-278-8. Pursuant to a plea bargain agreement, appellant was convicted of the offense of aggravated robbery, and sentenced to 25 years incarceration on June 17, 2011. We dismiss the appeal for want of jurisdiction.

In a criminal case in which no motion for new trial is filed, the notice of appeal must be filed within 30 days after the date sentence is imposed in open court. TEX. R. APP. P. 26.2(a). The time within which to file the notice may be enlarged if, within 15

days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 26.3. Under these rules, appellant's notice of appeal was due to be filed on July 18, 2011,[1] but was not filed with the trial court clerk until September 8, 2011, over a month outside the fifteen-day extension period.

A notice of appeal which complies with the Texas Rules of Appellate Procedure is essential to vest this Court with jurisdiction. See Slaton v. State, 981 S.W.2d 208, 209-10 (Tex.Crim.App. 1998). If an appeal is not timely perfected, this Court does not obtain jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal. Id. at 210.

We acknowledge that appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is also beyond the jurisdiction of this Court.[2] See TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3 (West Supp. 2010); Ex parte Garcia, 988 S.W.2d 240, 241 (Tex.Crim.App. 1999).

---

[1] Thirty days from the date that sentence was imposed would be July 17, 2011. However, because July 17 was a Sunday, the deadline extends to the next day on which the Court was open. See TEX. R. APP. P. 4.1(a).

[2] We note that the certification of defendant's right of appeal filed in this cause indicates that it "is a plea-bargain case, and the defendant has NO right of appeal." In addition, the clerk's record contains a written waiver of appeal signed by the defendant. Thus, even if appellant is granted an out-of-time appeal in this case, the case will be subject to dismissal if a certification that shows that appellant has the right of appeal is not made part of the record. See TEX. R. APP. P. 25.2(d).

Consequently, we dismiss this appeal for want of jurisdiction.


                                        Mackey K. Hancock
                                              Justice

Do not publish.