NO. 07-11-00460-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 13, 2012

JOHNIE RAY THOMAS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 15,556-C; HONORABLE ANA ESTEVEZ, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Johnie Ray Thomas, filed a notice of appeal on November 16, 2011, challenging the trial court's adjudication of appellant as guilty of the offense of sexual assault of a child, and sentence of 12 years incarceration in the Institutional Division of the Texas Department of Criminal Justice. According to the record, appellant was adjudicated and sentenced in open court on October 10, 2011. We dismiss the appeal for want of jurisdiction.

In a criminal case in which no motion for new trial is filed, the notice of appeal must be filed within 30 days after the date sentence is imposed in open court. TEX. R.

APP. P. 26.2(a). The time within which to file the notice may be enlarged if, within 15 days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 26.3. Under these rules, appellant's notice of appeal was due to be filed on November 9, 2011. While appellant's notice of appeal was filed within 15 days after the deadline, his notice of appeal was not accompanied by a motion for extension of time. By letter dated November 28, this Court notified appellant that his notice of appeal appeared to have been untimely filed. Further, that letter provided appellant an opportunity to explain to this Court how we have jurisdiction over this cause. In response, appellant filed a motion for extension of time to file notice of appeal that requested this Court accept the untimely filed notice of appeal because, "[t]here was some confusion as to which case would be appealed."

A notice of appeal which complies with the Texas Rules of Appellate Procedure is essential to vest this Court with jurisdiction. See Slaton v. State, 981 S.W.2d 208, 209-10 (Tex.Crim.App. 1998). If an appeal is not timely perfected, this Court does not obtain jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal. Id. at 210.

We acknowledge that appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is also beyond the jurisdiction of this Court. See TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3 (West Supp. 2010); Ex parte Garcia, 988 S.W.2d 240, 241 (Tex.Crim.App. 1999).

Consequently, we dismiss this appeal for want of jurisdiction.


                                        Mackey K. Hancock
                                             Justice

Do not publish.