NO. 07-12-00159-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 29, 2012

IN RE BOBBY LEWAYNE THOMAS, RELATOR

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Bobby Lewayne Thomas, has filed an Application for Writ of Mandamus requesting this Court to issue a writ of mandamus ordering respondent, "the 46th Judicial District County Courthouse," to grant Thomas a new trial in trial court cause number 3876. We deny Thomas's request.

Texas Rule of Appellate Procedure 52.3[1] identifies the requirements for a petition for writ of mandamus filed in this Court. Thomas has failed to comply with these requirements. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Thomas does not list the parties against whom he seeks mandamus relief apart from his identification of "the 46th Judicial District Courthouse" as the respondent. Rule 52.3(b) requires that the petition

---

[1]Further citation of Texas Rules of Appellate Procedure will be by reference to "Rule __."

include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Thomas's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Thomas's petition includes no index of authorities.[2] Rule 52.3(d) requires a statement of the case. Thomas's petition does not contain a statement of the case. Rule 52.3(e) requires that the petition must state the basis of the court's jurisdiction. Thomas's petition does not include a statement of the basis of this Court's jurisdiction over this petition. Rule 52.3(f) requires the petition to include a concise statement of all issues or points presented for relief. Thomas's petition includes no such statement. Rule 52.3(g) requires the petition include a statement of facts supported by citation to competent evidence included in the appendix or record. Thomas's petition does not include a statement of facts. Each of these items is required in a petition for writ of mandamus and, as Thomas failed to include them in his petition, we will not grant the relief that he requests.

Additionally, Texas Rule of Appellate Procedure 9.5 requires that, at or before the time that a document is filed with this Court, a copy of the document must be served on all parties to the proceeding. Thomas's petition does include a certificate of service but it simply indicates that a copy of the petition was served on this Court. Nothing in this certificate of service establishes that any purported parties to this proceeding were served with Thomas's petition.

---

[2] We do note, however, that the only authority cited by Thomas in his entire application is to Rule 34.6(f)(2), (3).

However, it appears that, even if Thomas had complied with the requirements for properly filing a petition for writ of mandamus, this Court lacks jurisdiction to grant Thomas the relief sought. Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from otherwise final felony convictions or matters relating to out-of-time appeals. See TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3 (West Supp. 2011); Ex parte Garcia, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999); In re McAfee, 53 S.W.3d 715, 717 (Tex.App.—Houston [1st Dist.] 2001, orig. proceeding). Thomas's petition seeks a new trial from his final felony conviction, which was affirmed by this Court in Thomas v. State, No. 07-05-0295-CR, 2006 Tex.App. LEXIS 5274 (Tex.App.—Amarillo June 20, 2006, no pet.).

For the foregoing reasons, Thomas's petition for writ of mandamus is denied.


Mackey K. Hancock
Justice

3