

**NUMBER 13-12-00541-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

EUGENIO ESPINOZA MARTINEZ, Appellant,

v.

THE STATE OF TEXAS, Appellee.

On appeal from the 370th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion Per Curiam**

This cause is before the Court on appellant's pro se motion for leave to file out-of-time appeal, appellant's pro se motion to file out-of-time notice of appeal, and State's motion to dismiss appeal for want of jurisdiction. Appellant, Eugenio Espinoza Martinez, was convicted of aggravated assault and tampering with or fabricating physical evidence.

Sentence in this matter was imposed on November 17, 2010. No motion for new trial was filed. Notice of appeal was filed on July 30, 2012. On September 7, 2012, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.

Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

Appellant's notice of appeal, filed more than twenty months after sentence was imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210. Accordingly, appellant's pro se motion for leave to file out-of-time appeal is DENIED, appellant's pro se motion to file out-of-time appeal is DENIED, and State's motion to dismiss appeal for want of jurisdiction is GRANTED.

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

2

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
18th day of October, 2012.