

# NUMBER 13-12-00270-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ERNESTO BERLANGA,                                         **Appellant,**

**v.**

THE STATE OF TEXAS,                                        **Appellee.**

## On appeal from the 107th District Court of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Perkes
### Memorandum Opinion Per Curiam

Appellant, Ernesto Berlanga, attempted to perfect an appeal from a conviction for murder. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on September 1, 2011. No motion for new trial was filed. On April 19, 2012, appellant's trial counsel filed a "Written Notice of Appeal in Support of Oral Notice of Appeal of Conviction Made on Record at Time of

Sentencing," which states that appellant gave his oral notice of appeal at sentencing on September 1, 2011.

On August 29, 2012, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has not responded to this notice.

The Texas Rules of Appellate Procedure require a notice of appeal "must be given in writing and filed with the trial court clerk." Tex.R.App. P. 25.2(c)(1). Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. *See id.* 26.2(a)(1). Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

Appellant's notice of appeal, filed more than seven months after sentence was imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX.

CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
18th day of October, 2012.