

## NUMBER 13-13-00082-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**ERNESTO BERLANGA,** <span style="float:right">**Appellant,**</span>

**v.**

**THE STATE OF TEXAS,** <span style="float:right">**Appellee.**</span>

### On appeal from the 107th District Court of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion Per Curiam**

This cause is before the Court on appellant's "Motion to Proceed with Appeal Out of Time." Appellant, Ernesto Berlanga, was convicted of murder and sentenced to life in prison. Sentence in this matter was imposed on September 1, 2011. A motion for new trial was not filed, therefore Berlanga's notice of appeal was due on or before October 3,

2011[1].  *See* TEX. R. APP. P. 4.1 (a), 26.2(a).   Berlanga's appeal was not filed until January 23, 2009.   Because the original notice of appeal was not filed timely, this Court lacked jurisdiction to consider the appeal and dismissed it for want of jurisdiction on October 18, 2012.    *See Berlanga v. State of Texas*, No. 13-12-00270-CR, 2012 Tex. App. LEXIS 8751 (Tex. App.—Corpus Christi Oct. 18, 2012, no pet.) (per curiam mem. op.).

On January 7, 2013, appellant filed another notice of appeal from the murder conviction.   Appellant's motion requests that he be allowed to proceed with his appeal.

The Texas Rules of Appellate Procedure require a notice of appeal "must be given in writing and filed with the trial court clerk."   Tex.R.App. P. 25.2(c)(1).   Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order.   *See id.* 26.2(a)(1).   Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court.   *See id.* 26.2(a)(2).   The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure.   *See id.* 26.3.

Appellant's second notice of appeal, filed more than fifteen months after sentence was imposed, was untimely, and accordingly, we lack jurisdiction over the appeal.   *See*

---

[1] Because the thirtieth day fell on a Saturday, appellant had until the following Monday, October 3, 2011 to file the notice of appeal.   *See* TEX. R. APP. P. 4.1.

*Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Accordingly, appellant's "Motion to Proceed with Appeal Out of Time" is DENIED.

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of March, 2013.

3