

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00496-CR

KEENON JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2010-426,671, Honorable Jim Bob Darnell, Presiding

September 19, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant filed a "Motion for Request for Out of Time Appeal" on September 9, 2014. This document references trial court cause number 2010-426,671, and relates to issues arising during the trial and appeal of that cause. However, the direct appeal of that trial court cause number was resolved by this Court's opinion and judgment of July 19, 2013. *See Jones v. State*, No. 07-12-00496-CR, 2013 Tex. App. LEXIS 8969 (Tex. App.—Amarillo July 19, 2013, pet. ref'd). Following denial of appellant's petition for discretionary review by the Texas Court of Criminal Appeals, *see In re Jones*, No. PD-

1045-13, 2014 Tex. Crim. App. LEXIS 16 (Tex. Crim. App. Jan. 15, 2014) (decision without published opinion), mandate was issued on February 19, 2014. This Court's plenary power expired 60 days after judgment. TEX. R. APP. P. 19.1(a).

As a result, this Court does not have jurisdiction over appellant's attempted appeal. Because this Court is without plenary power over this appeal, no further action may be taken by this Court in this proceeding and the appeal is hereby dismissed.[1]

Per Curiam

Do not publish.

---

[1] However, appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3 (West Supp. 2014); *Ex parte Garcia*, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999). However, the availability of that remedy is beyond the jurisdiction of this Court.