NUMBER
13-10-00368-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

ORLANDO FIGUEROA,                                                          APPELLANT,

 

                                                             v.

 

THE STATE OF TEXAS,                                                            APPELLEE.


____________________________________________________________

 

                          On
Appeal from the 148th District Court 

                                       of
Nueces County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

Before Justices Yañez, Garza, and
Benavides

Memorandum Opinion
Per Curiam

 

Appellant,
Orlando Figueroa, attempted to perfect an appeal from a conviction for possession
of cocaine.  We dismiss the appeal for want of jurisdiction.








Sentence
in this matter was imposed on April 23, 2010, a motion for new trial was filed on
June 1, 2010, and notice of appeal was filed on June 28, 2010.  On July 20,
2010, the Clerk of this Court notified appellant that it appeared that the motion
for new trial was untimely filed and that the appeal was not timely perfected. 
Appellant was advised that the appeal would be dismissed if the defect was not
corrected within ten days from the date of receipt of the Court=s directive.  Appellant has not filed a response to the
Court=s notice.  

Texas
Rule of Appellate Procedure 26.2 provides that an appeal is perfected when
notice of appeal is filed within thirty days after the day sentence is imposed
or suspended in open court unless a motion for new trial is timely filed.  Tex. R. App. P. 26.2(a)(1).  Where a
timely motion for new trial has been filed, notice of appeal shall be filed
within ninety days after the sentence is imposed or suspended in open court.  Tex. R. App. P. 26.2(a)(2).  The time
within which to file the notice may be enlarged if, within fifteen days after
the deadline for filing the notice, the party files the notice of appeal and a
motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 26.3.

According
to Texas Rule of Appellate Procedure 21.4, appellant had thirty days after the
day sentence was imposed to file his motion for new trial.  Tex. R. App. P. 21.4.  Because the
thirtieth day fell on a Sunday, appellant had until the following Monday, May
24, 2010 to file a motion for new trial.  See Tex. R. App. P. 4.1.  The motion for new trial was untimely
because it was filed on June 1, 2010.  Therefore, his notice of appeal was due
to have been filed within thirty days after the day sentence was imposed or
suspended in open court.  See Tex.
R. App. P. 26.2(a)(2).  Appellant did not file his appeal until June 28,
2010.








This
Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal.  Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996).  Absent a timely filed notice of appeal, a court of appeals does not
obtain jurisdiction to address the merits of the appeal in a criminal case and
can take no action other than to dismiss the appeal for want of jurisdiction.  Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  Appellant may be
entitled to an out‑of‑time appeal by filing a post‑conviction
writ of habeas corpus returnable to the Texas Court of Criminal Appeals;
however, the availability of that remedy is beyond the jurisdiction of this
Court.  See Tex. Code Crim. Proc.
Ann. art. 11.07, ' 3(a) (Vernon 2005); see also Ex
parte Garcia, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The
appeal is DISMISSED FOR WANT OF JURISDICTION.                                                                                                                         PER
CURIAM

 

 

Do not publish.  

Tex. R. App.
P. 47.2(b).

 

Delivered and filed the

7th day of October, 2010.