

NUMBER 13-10-00521-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CYNTHIA VARELA, Appellant,

v.

THE STATE OF TEXAS, Appellee.

On Appeal from the 103rd District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Vela
Memorandum Opinion Per Curiam**

Appellant, Cynthia Varela, attempted to perfect an appeal from a conviction for injury to an elderly individual. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on April 8, 2010, no motion for new trial was filed, and notice of appeal was filed on September 22, 2010. On September 30, 2010, the Clerk of this Court notified appellant that it appeared that the appeal was not timely

perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. On October 12, 2010, counsel filed a motion to extend time to file notice of appeal stating that he e-filed a notice of appeal and motion to withdraw to Cameron County, but was unaware that Cameron County did not accept e-filings for criminal cases and they were rejected.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3. Neither appellant's notice of appeal, nor her motion for extension of time was filed within the 15-day time period.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM.

2

Proc. Ann. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240

(Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION. All pending motions

are likewise DISMISSED FOR WANT OF JURISDICTION.


PER CURIAM

Do not publish.
*See* Tex. R. App. P. 47.2(b).
Delivered and filed the
18th day of November, 2010.

3