NUMBER
13-10-00363-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

HENRY PEREZ,                                                                             Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                 Appellee.

____________________________________________________________

 

                           On
appeal from the 148th District Court 

of Nueces County, Texas.

____________________________________________________________

 

                           MEMORANDUM OPINION

 

                      Before
Justices Garza, Benavides, and Vela

Memorandum Opinion Per Curiam

 

Appellant, Henry
Perez, attempted to perfect an appeal from a conviction for possession of
cocaine.  We dismiss the appeal for want of jurisdiction.








Sentence in
this matter was imposed on March 5, 2010.  No motion for new trial was filed. 
Notice of appeal was filed on June 30, 2010.  On December 28, 2010, the Clerk
of this Court notified appellant that it appeared that the appeal was not
timely perfected.  Appellant was advised that the appeal would be dismissed if
the defect was not corrected within ten days from the date of receipt of the
Court=s directive.  Appellant has not responded to this
notice.   

Texas Rule
of Appellate Procedure 26.2 provides that an appeal is perfected when notice of
appeal is filed within thirty days after the day sentence is imposed or
suspended in open court unless a motion for new trial is timely filed.  Tex. R. App. P. 26.2(a)(1).  The
time within which to file the notice may be enlarged if, within fifteen days
after the deadline for filing the notice, the party files the notice of appeal
and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate
Procedure.  See id. 26.3.  

Appellant’s
notice of appeal was due to have been filed on or before April 5, 2010.  See
Tex. R. App. P. 26.2(a)(2). 
Appellant did not file a motion for extension of time to file his notice of
appeal as permitted by Texas Rule of Appellate Procedure 26.3 and did not file
his notice of appeal until June 30, 2010.

This
Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal.  Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996).  AWhen a notice of appeal is filed within the fifteen‑day
period but no timely motion for extension of time is filed, the appellate court
lacks jurisdiction.@  Olivo, 918 S.W.2d at 522.   Absent a timely
filed notice of appeal, a court of appeals does not obtain jurisdiction to
address the merits of the appeal in a criminal case and can take no action
other than to dismiss the appeal for want of jurisdiction.  Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  








Appellant
may be entitled to an out‑of‑time appeal by filing a post‑conviction
writ of habeas corpus returnable to the Texas Court of Criminal Appeals;
however, the availability of that remedy is beyond the jurisdiction of this
Court.  See Tex. Code Crim. Proc.
Ann. art. 11.07, ' 3(a) (Vernon 2005); see also Ex parte Garcia,
988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal
is DISMISSED FOR WANT OF JURISDICTION.                                                                                                                                                             PER
CURIAM

 

Do not publish.  

Tex. R. App. P. 47.2(b).

 

Delivered and filed the

31st day of March, 2011.