NUMBER 13-11-00313-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

VALENTINE GARCIA,                                                                  Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                 Appellee.


____________________________________________________________

 

                           On
appeal from the 319th District Court 

                                       of
Nueces County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

                     Before Justices
Benavides, Vela, and Perkes

Memorandum Opinion
Per Curiam

 

Appellant,
Valentine Garcia, attempted to perfect an appeal from a conviction for aggravated
assault with a deadly weapon.  We dismiss the appeal for want of jurisdiction.








Sentence
in this matter was imposed on January 7, 2011.  No motion for new trial was filed.  Notice of appeal was filed on May
16, 2011.  On May 18,
2011, the Clerk of this Court notified appellant that it appeared that the
appeal was not timely perfected.  Appellant was advised that the appeal would
be dismissed if the defect was not corrected within ten days from the date of
receipt of the Court’s directive.  Appellant
has not responded to this notice.   

Texas
Rule of Appellate Procedure 26.2 provides that an appeal is perfected when
notice of appeal is filed within thirty days after the day sentence is imposed
or suspended in open court unless a motion for new trial is timely filed.  Tex. R. App. P. 26.2(a)(1).  Where a
timely motion for new trial has been filed, notice of appeal shall be filed
within ninety days after the sentence is imposed or suspended in open court.  Tex. R. App. P. 26.2(a)(2).  The time
within which to file the notice may be enlarged if, within fifteen days after
the deadline for filing the notice, the party files the notice of appeal and a
motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 26.3.

Appellant’s
notice of appeal was due to have been filed on or before February 7, 2011.  See
Tex. R. App. P. 26.2(a)(2). 
Appellant did not file a motion for extension of time to file his notice of
appeal as permitted by Texas Rule of Appellate Procedure 26.3 and did not file
his notice of appeal until May 16, 2011.








This
Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal.  Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996).  Absent a timely filed notice of appeal, a court of appeals does not
obtain jurisdiction to address the merits of the appeal in a criminal case and
can take no action other than to dismiss the appeal for want of jurisdiction.  Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  Appellant may be
entitled to an out‑of‑time appeal by filing a post‑conviction
writ of habeas corpus returnable to the Texas Court of Criminal Appeals;
however, the availability of that remedy is beyond the jurisdiction of this
Court.  See Tex. Code Crim. Proc.
Ann. art. 11.07, § 3(a) (Vernon 2005); see also Ex parte Garcia,
988 S.W.2d 240 (Tex. Crim. App. 1999).

The
appeal is DISMISSED FOR WANT OF JURISDICTION.                                                                                                 

                                                                        PER
CURIAM

Do not publish.  See Tex. R. App. P. 47.2(b).

 

Delivered and filed the

22nd day of August, 2011.