

# NUMBER 13-11-00417-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ANTONIO PEREZ,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                                  Appellee.

### On appeal from the County Court at Law No. 1
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam

Appellant, Antonio Perez, attempted to perfect an appeal from a conviction for evading arrest.  We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on May 11, 2011.  No motion for new trial was filed.  Notice of appeal was filed on June 13, 2011.  On July 12, 2011, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected.

Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.  In response filed July 27, counsel states that she was attempting to contact the appellant to verify that he would like to proceed with his right of appeal; however, counsel was unsuccessful because of appellant's detainer in the Immigration Court and deportation.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed.  TEX. R. APP. P. 26.2(a)(1).  The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure.  *See id.* 26.3.  Although the notice of appeal herein was filed within the fifteen day time period for filing a motion for extension of time to file notice of appeal, no such motion for extension of time was filed within the fifteen day time period.  *See id.*

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal.  *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  "When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction."  *Olivo*, 918 S.W.2d at 522.  Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction.  *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

2

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of August, 2011.

3