NUMBER 13-13-00454-CR
# COURT OF APPEALS
# THIRTEENTH DISTRICT OF TEXAS
# CORPUS CHRISTI - EDINBURG



---

**SAMANTHA GARZA,**                                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

---

**On Appeal from the 105th District Court
of Kleberg County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes
Memorandum Opinion Per Curiam**

Appellant, Samantha Garza, attempted to perfect an appeal from a conviction for aggravated assault with a deadly weapon.   We dismiss the appeal for want of jurisdiction.

The trial court imposed sentence in this matter on April 23, 2013.   A motion for reconsideration or reduction of sentence was filed on May 1, 2013, and appellant filed her

notice of appeal on August 4, 2013. On March 13, 2014, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant's appellate counsel has filed a response to the Court's directive stating the appeal was not timely perfected.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3.

Appellant timely filed a motion for new trial. Therefore, her notice of appeal was due to have been filed on or before July 22, 2013. *See* TEX. R. APP. P. 26.2(a)(2). Appellant did not file a motion for extension of time to file her notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3 and did not file her notice of appeal until August 4, 2013.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address

2

the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION. Trial counsel's motion to withdraw which was previously carried with the case is GRANTED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of April, 2014.