

NUMBER 13-14-00397-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CHARLES RANDOLPH CURNUTTE,                                            Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

On Appeal from the 156th District Court
of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria
Memorandum Opinion Per Curiam**

Appellant, Charles Randolph Curnutte, attempted to perfect an appeal from a conviction for aggravated sexual assault. We dismiss the appeal for want of jurisdiction.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent

a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

The trial court imposed sentence in this matter on December 17, 1998. Appellant filed his notice of appeal on July 9, 2014. On July 14, 2014, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. On August 4, 2014, appellant filed a motion for leave to file a response. Appellant's motion for leave to file a response is hereby GRANTED. Appellant's response states that his notice of appeal should be considered timely and asserts that his trial counsel abandoned him and he was prevented from presenting evidence to the trial court due to "fraudulent concealment."

Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

Appellant's notice of appeal, filed more than fifteen years after sentence was imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. *See*

2

*Slaton*, 981 S.W.2d at 210.   Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court.   *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.   *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of August, 2014.