

# NUMBER 13-14-00568-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARK ANTHONY GREEN,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

---

On appeal from the 24th District Court
of Victoria County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion Per Curiam**

Appellant, Mark Anthony Green, proceeding pro se, attempts to appeal an order denying his application for writ of habeas corpus issued in trial court cause number 88-7-13,248-3 in the 24th District Court of Victoria County, Texas.   We dismiss this appeal for lack of jurisdiction.

On July 20, 1990, appellant was convicted of the felony offense of unauthorized use of a motor vehicle following the revocation of his deferred adjudication community supervision. On April 4, 2013, the trial court issued an order denying appellant's request for habeas relief under either article 11.25 or 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.25, art. 11.07 (West, Westlaw through 2013 3d C.S.). Appellant, proceeding pro se, filed a notice of appeal from the "trial court's denial of his writ of habeas corpus pursuant to [article] 11.072" challenging the validity of his "probation sentence imposed upon him in July 1990." Appellant's pro se notice of appeal was filed in this Court on September 18, 2014. On September 29, 2014, appellant filed an amended notice of appeal in this Court, again appealing the denial of his application for writ of habeas corpus challenging "his deferred adjudicated probation sentence" for the felony offense of unauthorized use of a motor vehicle. On September 30, 2014, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has not filed a response to the Court's request.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

2

Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* R. 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* R. 26.3.

Appellant's notice of appeal, filed more than a year after the trial court's denial of appellant's application for a writ of habeas corpus, was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West, Westlaw through 2013 3d C.S.); *see also Ex parte Garcia*, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999) (per curiam).

The appeal and all pending motions are DISMISSED FOR LACK OF JURISDICTION. All pending motions are likewise DISMISSED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of October, 2014.

3