

NUMBER 13-18-00410-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

VALENTIN TORRES ALVAREZ
AKA VALENTIN TORRES AKA
VALENTIN ALVAREZ TORRES,                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

On appeal from the 103rd District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Hinojosa**

Appellant, Valentin Torres Alvarez aka Valentin Torres aka Valentin Alvarez Torres, attempted to perfect an appeal from a conviction for rape. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on June 7, 2018.   No motion for new trial was filed.   Notice of appeal was filed on July 27, 2018.   On July 30, 2018, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.   Appellant has responded by filing an unopposed motion to reinstate appeal.   The motion states failure to file the notice of appeal was an oversight caused by counsel's inability to go to her office because she was assigned three weeks of bed rest.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed.   TEX. R. APP. P. 26.2(a)(1).   The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure.   *See id.* 26.3.

Appellant's notice of appeal was due on July 9, 2018.[1]   Within the fifteen-day time period, appellant did not file a motion for extension of time to file his notice of appeal and did not file his notice of appeal.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal.   *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).   Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address

---

[1] The thirtieth day after June 7, 2018, fell on Saturday, July 7, 2018.   As per TEX. R. APP. P. 4.1(a), the deadline for filing the notice of appeal was extended to Monday, July 9, 2018.

the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Accordingly, appellant's unopposed motion to reinstate appeal is DENIED.

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West, Westlaw through 2017 1st C.S.); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of August, 2018.

3