

## NUMBER 13-19-00105-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

OSCAR DAVILA RODRIGUEZ,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                            Appellee.

**On appeal from the 139th District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Hinojosa
Memorandum Opinion by Justice Benavides**

Appellant, Oscar Davila Rodriguez, attempted to perfect an appeal from a conviction for murder. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on November 26, 2018, counsel filed a motion for new trial on December 26, 2018, and notice of appeal was filed on March 5, 2019. On March 11, 2019, the Clerk of this Court notified appellant that it appeared that

the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has not filed a response to the Court's directive.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3.

Appellant timely filed a motion for new trial. Therefore, his notice of appeal was due to have been filed on or before February 25, 2019[1]. *See* TEX. R. APP. P. 26.2(a)(2). Although the notice of appeal herein was filed within the fifteen-day time period, no such motion for extension of time was filed within the fifteen-day time period. *See id.*

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App.

---

[1] The ninetieth day after November 26, 2018, fell on Sunday, February 24, 2019. As per TEX. R. APP. P. 4.1(a), the deadline for filing the notice of appeal was extended to Monday, February 25, 2019.

1998).   Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court.   *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West, Westlaw through 2017 1st C.S.); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.


GINA M. BENAVIDES,
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of April, 2019.