

## NUMBER 13-19-00205-CR

## COURT OF APPEALS

## THIRTEEN DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

FRANCISCO ESCOBEDO,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

On appeal from the 148th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Hinojosa
Memorandum Opinion by Justice Benavides**

Appellant was convicted of aggravated sexual assault of a child and judgment was

entered on September 28, 2016. The trial court granted a motion for new trial and the

State appealed. On December 19, 2018 this Court issued a memorandum opinion and

judgment vacating the trial court's order granting a new trial and reinstating Escobedo's

conviction. *See Escobedo v. State,* No. 13-16-00684-CR, 2018 WL 6627321 (Tex. App.—Corpus Christi–Edinburg December 19, 2018, no pet.). On April 25, 2019, appellant filed a notice of appeal from the same judgment and conviction entered on September 28, 2016. We dismiss the appeal for want of jurisdiction.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

The trial court imposed sentence in this matter on September 28, 2016. Appellant filed his notice of appeal on April 25, 2019. On May 3, 2019, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has not filed a response to the Court's directive.

Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the

2

deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

Appellant's notice of appeal, filed more than two years after sentence was imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

GINA M. BENAVIDES,
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
6th day of June, 2019.

3