

# NUMBER 13-21-00054-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **MARIO ALEJOS,** | **Appellant,** |

**v.**

| | |
|---|---|
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the County Court at Law No. 3
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Longoria**

Appellant, Mario Alejos, attempted to perfect an appeal from a conviction for misdemeanor theft. We dismiss the appeal for want of jurisdiction.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the

merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

The sentence was imposed by the trial court in this matter on February 4, 2013, and appellant filed his notice of appeal on February 11, 2021. On February 11, 2021, the Clerk of this Court notified appellant that it appeared the appeal was not timely perfected and would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. On February 25, 2021, appellant filed a motion for leave to file his notice of appeal and a motion for appointment of counsel. Neither motion cures the defect, and no other response was received.

Unless a motion for new trial is timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a motion for new trial is timely filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* R. 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* R. 26.3.

Appellant's notice of appeal, filed more than two years after sentence was imposed, was untimely, and the motion for leave was filed outside of the 15-day grace period. Accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210.

The Court, having examined and fully considered the documents on file and appellants failure to timely perfect his appeal, is of the opinion that the appeal should

2

be dismissed for want of jurisdiction. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal hereby is dismissed for want of jurisdiction. Accordingly, appellant's motion for leave and appointment of counsel are also dismissed for want of jurisdiction.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
1st day of April, 2021.