

# NUMBER 13-22-00225-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| JAIKQUAEL QUANTERRIS BEDFORD, | Appellant, |
| v. | |
| THE STATE OF TEXAS, | Appellee. |

### On appeal from the 377th District Court
### of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa

This cause is before the Court on appellant's motion for extension of time to file a notice of appeal. Appellant, Jaikquael Quanterris Bedford, attempted to perfect an appeal from a conviction for evading arrest with a vehicle. We dismiss the appeal for want of jurisdiction.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

The sentence was imposed by the trial court in this matter on February 16, 2022, and appellant filed his notice of appeal on May 16, 2022. On May 17, 2022, the Clerk of this Court notified appellant that it appeared the appeal was not timely perfected and would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. On May 20, 2022, appellant's counsel filed a response to the defect as well as a motion for extension of time to file notice of appeal. Appellant's counsel requests that this appeal be allowed to continue to avoid the time and expense of a post-conviction writ of habeas corpus seeking an out-of-time appeal and explains that appellant was not represented by appellate counsel during the tolling of the time to file a notice of appeal.

However, unless a motion for new trial is timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial is timely filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* R. 26.2(a)(2). The time within which to file the notice may be enlarged if, *within* fifteen days after the

2

deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* R. 26.3.

Appellant's notice of appeal, filed more than two months after sentence was imposed, was untimely, and the motion for extension of time to file a notice of appeal was filed outside of the 15-day grace period. Accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210.

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is hereby dismissed for want of jurisdiction. Accordingly, appellant's motion for extension of time to file a notice of appeal is also dismissed for want of jurisdiction.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
23rd day of June, 2022.

3