

# NUMBER 13-25-00257-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARK ANTHONY VARGAS,                                    Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

## ON APPEAL FROM THE 329TH DISTRICT COURT
## OF WHARTON COUNTY, TEXAS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices West and Cron
### Memorandum Opinion by Justice Cron

This cause is before the Court on appellant's motion to accept late notice of appeal which we construe as a motion for extension of time to file a notice of appeal.

Appellant was sentenced on October 17, 2024, in cause number 23885. On May 8, 2025, appellant filed a late notice of appeal. On May 9, 2025, the Clerk of the Court notified appellant that it appeared the notice of appeal was not timely filed, and appellant,

had on this same day, filed his extension motion.

However, this Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Unless a motion for new trial is timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, *within* fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3. Appellant's late notice of appeal, filed on May 8, 2025, was untimely filed since it was not filed within thirty days after his sentence was imposed on October 17, 2024, so we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210.

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999). Accordingly, appellant's motion for extension of time to file a

notice of appeal is hereby denied, and the entire appeal is hereby dismissed for want of jurisdiction.[1]

JENNY CRON
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
22nd day of May, 2025.

---

[1] We observe in an exhibit attached to appellant's motion (a handwritten letter from appellant to the trial court filed on April 3, 2025) that appellant indicates he "put in a notice of appeal," but in his motion before us he has indicated in a footnote that "the trial court file does not indicate a [n]otice of [a]ppeal was ever filed." For this reason, our decision to dismiss this appeal for want of jurisdiction remains.