

# NUMBER 13-25-00415-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **MARK ANTHONY SAUCEDA,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

## ON APPEAL FROM THE 94TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina**

This cause is before the Court on its own motion. On May 14, 2025, the trial court issued a judgment of conviction in cause number 23FC-4269C. On August 19, 2025, appellant filed a pro se notice of appeal, postmarked August 15, 2025. On August 19, 2025, the Clerk of the Court notified appellant that it appeared the appeal had not been

timely perfected. Appellant was further notified that if the defect was not cured within ten days from the date of the notice, the appeal would be dismissed.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant's notice of appeal was untimely filed, so we lack jurisdiction over the appeal. *See id*.

Furthermore, upon review of the documents filed, the trial court has certified that appellant "has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). On August 19, 2025, we ordered appellant's counsel to review the record and determine whether appellant had a right to appeal. Appellant's counsel has failed to respond or otherwise establish that appellant has the right to appeal.

The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not show that the defendant has the right of appeal. *See id.* R. 25.2(d), 37.1, and 44.3. The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction.

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM.

PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App.

1999). The appeal is hereby dismissed for want of jurisdiction.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
16th day of October, 2025.